No. 4466.

(Court of Appeal, Parish of Orleans.)

GEORGE ADVERTISING SIMMS COMPANY, LTD., VS. ORLEANS METAL BED COMPANY, LTD.

It being a legal impossibility for an individual or a partnership to merge their business with a corporation, a petition which alleges that the corporation which has merged the business interest of an individual or partnership with its own is liable for the debt of the individual or partnership "solely by reason and the effect of a merger," and the petition furthermore containing no allegation of a written assumption of the debt by the corporation, discloses no cause of action.

Appeal from Civil District Court, Division C.

T. B. Walker and B. Y. Wolf, for Plaintiff and Appellant.

F. F. Teissier, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff sues to recover of the defendant the sum of One Hundred and Ninety-three dollars and Thirteen Cents ($193.13), averring that during the months of July and August, 1906, the commercial firm of Hanna & Kalmbach, then engaged in the manufacture of metal beds, ordered from it (plaintiff) certain printing, which was executed as per instructions from said firm; that in due course the bill for said printing matter was presented to said Hanna & Kalmbach, and approved by them; that on or about the 22d day of September, 1906, the said Hanna & Kalmbach merged their interest of bed manufacturing with the Orleans Metal Bed Company, Limited, defendant herein, and that, by virtue of the effect of said merger with defendant, the latter assumed all the debts and liabilities of Hanna & Kalmbach, including the claim now sued for, and is, therefore, liable to plaintiff for same.

Plaintiff avers further that the bill, when presented to defendant, was approved in part, but repudiated as a whole. Defendant interposed an exception of no cause of action, which was overruled, whereupon they tendered the general issue. The judgment below was in favor of defendant, and plaintiff has appealed.

We have examined this record with care, and were it necessary to do so, our disposition of the case on the merits would

253

result in an affirmance of the judgment appealed from, but we think the plaintiff's suit should have been determined on the exception of no cause of action.

Plaintiff's petition pitches its claim against the defendant on the theory tl)at there was a merger of a partnership firm of Hanna & Kalmbach and the Orleans Metal Bed Company (defendant), and that *"by virtue of the effect of merger"* the defendant is liable for the debts of the firm of Hanna & Kalmbach.

It is scarcely necessary to discuss the proposition as to who may or may not merge their business interests, and thereby assume certain obligations and liabilities. It is, we deem it, elementary that an individual or an ordinary commercial partnership and a corporation cannot merge. Their character and their obligations to their creditors are totally unlike; they are not homogeneous, the one being liable in solido to their creditors, the other made up of stockholders in the corporation, each being liable only to the extent of his holding of stock, or to the unpaid balance thereon.

Plaintiff's petition contains no allegation to the effect that there was an express written assumption by the defendant of the debts and liabilities of Hanna & Kalmbach. We have been referred to the case of Georgia Company vs. Castlebury, 43 Ga., 188, which seems to be the accepted jurisprudence. In this case the Court say:

"The Georgia Company, doing business at the time this contract was made, and the corporation subsequently chartered and now sued, are separate and distinct. The former was a mere partnership, the members of which were each bound for the debts, the latter is a person, a non-entity, which gets its existence and responsibility from the charter. Though the members of the partnership and the members of the corporation be the same, yet the rights of the one and the other are different.

"To make the company liable for the debts of the partnership, the same formalities are required to make one individual liable for the debts of another. Such a contract must be in writing, signed by the party to be charged. There is no pretense of any such written undertaking, even if it were in the power of the president to do so. The assumption of a debt due by the old partnership, with no new consideration, is outside of the scope of the charter, and, therefore, outside of the scope of the presi-

dent's duties, as they are derived from the nature of his office, and even a written contract, promising to pay this debt, would be of doubtful validity, 'unless there was special authority from the company.'

"Adoption of contract by Precedent Partnership.—Closely allied to the matters considered in the two preceding sections in the case where a corporation, which has been organized out of a previous partnership, is proceeded against for the debt of the partnership. The corporation is a distinct person in law from the partnership; the promise of the partnership is not the promise of the corporation; an action upon such promise will not lie against the corporation, in the absence of ratification or adoption; but is necessarily a new contract, which must be predicated upon a new consideration good in law. Moreover, as it is a contract by one person to pay the debt of another, it must be in writing in order to be good under the Statutes of Frauds. The mere fact that the promise was made by the same person, who was president of the Association both before and after its incorporation, and that he renewed the promise of the corporation, by parol, after its organization, and while acting as president, did not create a liability on the part of the corporation."

Section 5324, Vol. 4, Commentaries on Laws of Corporation, 1895 Thompsons. Judge Thompson cites 43 Ga., 188.

Cyc. Vol. 10, p. 1072, Sec. 4, citing 43 Ga., 188.

(1904.) "Adoption by a Corporation of Contracts Made by Precedent Partnership.—Such an adoption, it has been held, must be evidenced by a writing, since it is a promise to pay the debts of another, and, hence, within the Statutes of Fraud."

As before noted, the claim is alleged to be due by the defendant corporation solely by reason and the effect of a merger, and no allegation is made anywhere that this debt had been assumed by the defendant in some written acknowledgment.

The exception of no cause of action should have been maintained.

The judgment appealed from is amended by making it one of non-suit, instead of an absolute judgment, and as thus amended, it is affirmed, plaintiff to pay costs of lower court, defendant to pay costs of appeal.